WILLIAM J. OBERLE, INC. v. UNITED STATES

No. 6265.—Invoices dated Tsingtao, China, April 27, 1938, etc.
Certified April 28, 1938, etc.
Entered at New Orleans, La., June 22, 1938, etc.
Entry No. 4060, etc.

(Decided March 21, 1946)

E. D. Howald for the plaintiff.

Paul P. Rao, Assistant Attorney General (Joseph E. Weil, special attorney), for the defendant.

EKWALL, Judge: These are appeals from findings of value made by the appraiser upon importations of Chinese human hair stumps exported during the month of April 1938 and imported at the port of New Orleans, La. Four reappraisements have been consolidated. The invoice values were 33 cents, 37 cents, and 31½ cents per pound. Entry was made in each instance at 30 cents per pound less certain nondutiable charges. In reappraisement 127646–A the merchandise was appraised at 37½ cents a pound c. i. f., less nondutiable charges; in the remaining reappraisements the appraiser found a value of 37 cents per pound c. i. f., less nondutiable charges.

The question for determination is the proper export value of the merchandise, there being no dispute as to the nonexistence of a foreign value. The importer, the plaintiff herein, contends that the export value is 30 cents per pound less nondutiable charges as invoiced, while it is the Government's contention that the values found by the appraiser constitute the export value. At the hearing held in New

Orleans the importer contended that there had been no valid appraisement of any of the merchandise in that the requirements of section 499 of the Tariff Act of 1930 as to designation of the packages to be examined had not been complied with.

An examination of the record discloses that the invoices cover 12 bales, 27 bales, 20 bales, and 40 bales, respectively. As to reappraisement 127646–A, covering 12 bales, the designation on the summary sheet is

(434)

Balance 10% Wharf

In reappraisement 127647–A, covering 27 bales, the designation is

Wharf-Weigh

and #350 In

Reappraisement 127648–A covers 20 bales and the designations reads:

Wharf-Weigh

#22 in

Reappraisement 127649–A, covering 40 bales, contains only the designation

#294.

As to reappraisements 127647–A and 127649–A, the designations are clearly insufficient, there being nothing to indicate that one in 10 of the bales was designated for examination. In reappraisement 127646–A, only 12 bales are invoiced. Of these, one (434) was designated for examination (presumably at the appraiser's stores) and the balance, 10 per centum, at the wharf. This is sufficient to indicate that at least two of the 12 bales were designated. In reappraisement 127648–A, out of a quantity of 20 bales, one is designated as ordered into the appraiser's stores and the only other designation is "Wharf." Although it has been held that the designation "Wharf" standing alone is an insufficient designation (Reap. Dec.'s 5388, 5597, 5732), it is apparent that in this case one case was designated by number for examination at the appraiser's stores, and it is the opinion of the court that the designation "Wharf," although a designation of the place of examination rather than the quantity to be examined, indicates that the remainder of the statutory quantity is to be examined on the wharf. Out of the 20 bales invoiced the requirements of the statute would be met by a designation of two bales. One having been designated by number the designation "Wharf" raises the presumption that at least one was to be examined on the wharf. I therefore find that the designation in said reappraisement 127648–A is sufficient to comply with the statute.

As to the merchandise covered by reappraisements 127647–A and 127649–A there has been no valid appraisement. As the appraisal took place prior to the effective date of the Customs Administrative Act of 1938, under the decisions I have no authority to find a value for that merchandise. *United States* v. *V. W. Davis*, 20 C. C. P. A. (Customs) 305, T. D. 46087; *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126; *United States* v. *C. J. Tower & Sons*, 24 C. C. P. A. (Customs) 456, T. D. 48912.

In considering the value of the merchandise covered by the two remaining reappraisements, i. e., 127646–A and 127648–A, the evidence consists of three affidavits offered on behalf of the importer and three reports of Treasury representatives received on behalf of the Government. The affidavits allege in effect that there was no home value for the merchandise and that at the time of exportation such or similar merchandise was freely offered for sale to all purchasers in the usual wholesale quantities for exportation to the United States at 30 cents per pound c. i. f. New Orleans. However, there is no evidence of actual sales at that price. On the other hand, the Treasury representatives' reports show sales during the period from April 13 to April 23, 1938, taken from the records of the sellers in China, two at 35 cents, four at 36 cents, three at 37 cents, and two at 38½ cents. Inasmuch as these prices are based upon actual sales as disclosed by the seller's books, they would prevail as against the opinions expressed in the affidavits based on offers for sale only, without the corroborating evidence of names and addresses of purchasers or prospective purchasers, or the quantities in which the offers were made.

Upon this record I find that as to the merchandise covered by reappraisements 127646–A and 127648–A, the proper basis for valuation is the export value as that value is defined in section 402 (d) of the Tariff Act of 1930, and that such values are the values found by the appraiser.

Judgment will be rendered accordingly.